UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                                           Case No.: 8:23-cr-432-MISS-NHA

**DEEP ALPESH KUMAR PATEL,**

    **Defendant.**
_____/

### SENTENCING MEMORANDUM
### OF DEFENDANT DEEP ALPESH KUMAR PATEL

DANIEL J. FERNANDEZ, ESQUIRE
3003 West Azeele Street, Suite 200
Tampa, Florida 33609
Office: (813) 229-5353
Email: djfernandezlaw17@gmail.com
Fla. Bar No. 295371

Attorney for Defendant Deep Alpesh Kumar Patel

**TABLE OF CONTENTS**

I.   Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.   Material Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.   The Plea Agreement and Guilty Plea. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. United States v. Booker and 18 U.S.C. Section 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  The Application of 18 U.S.C. Section 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   Factor One: The Nature and Circumstances of the Offense and the History and
          Characteristics of the Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     B.   Factor Two: The Purposes of Sentencing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.   Factor Three: the Kinds of Sentences Available. . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.   Factors Four and Five: the Sentencing Guidelines and Guideline Policy
          Statements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          1.   Mr. Patel Should Receive a Downward Adjustment For The
               Unsophisticated Acts Constituting the Offense.. . . . . . . . . . . . . . . . . . . . 6
          2.   Mr. Patel Should Receive a Downward Variance... . . . . . . . . . . . . . . . . . 7
          3.   In The Alternative, Mr. Patel Should Be Sentenced at the Low End of the
               Applicable Range.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     E.   Factor Six: The Need to Avoid Unwarranted Disparities. . . . . . . . . . . . . . . . . . . 9
     F.   Factor Seven: The Need to Provide Restitution.. . . . . . . . . . . . . . . . . . . . . . . . . 9

V.   Forfeiture. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE AUTHORITIES**

## Cases

*United States v. Abbadessa*, 848 F. Supp. 369 (E.D.N.Y. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). . . . . . . . . . 1, 2, 6

*United States v. DeRiggi*, 45 F.3d 713 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Lacy*, 99 F. Supp.2d 118 (D. Mass. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

## United States Code And Sentencing Guidelines

18 U.S.C. Section 3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-5, 9

## Other

ABA STANDARDS OF CRIMINAL JUSTICE § 18-2.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   **Introduction**

Defendant Deep Alpesh Kumar Patel (Patel) submits this Memorandum with respect to a number of issues related to his sentencing. It is hoped that the Memorandum will be of assistance to the Court in light of the somewhat complex factual circumstances and the nature of the legal issues raised by the facts.

Three matters are addressed by this Memorandum. First, the material facts of the case are discussed.

Second, the Memorandum addresses the impact of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* holds that the provision of the federal sentencing statute that makes the United States Sentencing Guidelines mandatory is unconstitutional. Id. at 125 S.Ct. 756. Pursuant to that opinion, the Court must consider each of the factors set forth in 18 U.S.C. Section 3553(a) in fashioning an appropriate sentence. Id. The Guidelines must be considered and taken into account under Section 3553(a), but the Court is not bound by the Guidelines sentence. Id at 125 S.Ct. 767.

Third, the Memorandum will discuss the application of the Section 3553(a) sentencing factors to this case. Section 3553(a) requires the Court to impose the lowest sentence that will satisfy the purposes of sentencing set forth in that statute. Because the Court will be required to consult the Guidelines and the Sentencing Commission's policy statements and take them into account in sentencing Mr. Patel under Section 3553(a), issues related to the guidelines applicable to this case will be addressed within the section discussing the application of Section 3553(a).

**II.     Background**

    **A.     Material Facts**

On October 21, 2023, Patel called a Jewish organization and left a threatening recorded voicemail message. In the voicemail, Patel identified himself by name and said "thank you." On the same day, Patel called a synagogue and made a threatening recorded voicemail message.

Mr. Patel has entered a plea of guilty to Count 1, Making A Threat In Interstate Commerce in violation of 18 USC § 875(c).

    **B.     The Plea Agreement and Guilty Plea**

Mr. Patel entered into a plea agreement with the government and agreed to plead guilty to Count One of the Information and to cooperate with the government. As required by his plea agreement, Mr. Patel has cooperated with law enforcement and the government. The nature and extent of Mr. Patel's cooperation will be discussed in more detail at the sentencing hearing in this case.

Pursuant to the written plea agreement and Rule 11(c)(1)(B), the government will recommend to the Court that the Defendant be sentenced within the applicable guidelines range as determined by the Court. Also, pursuant to the written plea agreement, the government will recommend a two-level reduction for acceptance of responsibility.

**III.    United States v. Booker and 18 U.S.C. Section 3553(a)**

The decision of the United States Supreme Court in *Booker* has rendered the Sentencing Guidelines "effectively advisory." Id. at 767. Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." Id (citing 18 U.S.C. § 3553(a)).

The effect of *Booker* is that federal district courts must consider the seven factors set forth by Section 3553(a) in determining a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the applicable Sentencing Guidelines;
(5) any pertinent Sentencing Guidelines policy statement
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Each of these factors will be discussed in turn below.

Section 3553(a) embodies the "parsimony principle," which, requires a district court to "assign a sentence 'sufficient, but not greater than necessary to comply with the purposes' of sentencing" set forth in Section 3553(a)(2). *United States v. Lacy*, 99 F. Supp.2d 118, 119 (D. Mass. 2000) (quoting § 3553(a)); see also *United States v. Abbadessa*, 848 F. Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of Section 3553(a)), vacated on other grounds, *United States v. DeRiggi*, 45 F.3d 713 (2d Cir. 1995); see generally ABA STANDARDS OF CRIMINAL JUSTICE § 18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized"). Sentencing under Section 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as is necessary to comply with Section 3553(a)'s purposes.

## IV.     The Application of 18 U.S.C. Section 3553(a)

### A.     Factor One: The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Patel was born on March 25, 2002, in Chicago, Illinois. Mr. Patel has close family ties with his mother and father, who have continued to provide emotional and financial support. Mr. Patel is single and does not have any children.

Mr. Patel has received a Forensic Psychological Evaluation. The evaluation indicates that he is exhibiting signs of depression and anxiety and mania, as evidenced by depressed mood, feelings of worthlessness or guilt, irritability, trembling or shaking, feelings of losing control, difficulty falling/staying asleep, irritability/outbursts of anger, elevated, expansive or irritable mood, flight of ideas/racing thoughts, and being easily distracted. Mr. Patel is exhibiting signs of THC abuse and substance abuse in remission, as evidenced by symptoms controlled by treatment.

Mr. Patel stopped using marijuana once he was arrested. His family was very concerned about his use of marijuana so he moderated his use. He stated he has made changes by stopping and his head is clear, "I can think better".

A psychiatric evaluation found that Mr. Patel has Bipolar Disorder II and prescribed him Risperdal. He complained of seeing shadows and hearing his name being called, impulsive decisions and anger. He stated that the Risperdal has been helpful and the family commented on him being calmer and on top of things. He has also started meditating and praying and this has also been helpful in calming him down.

### B.     Factor Two: The Purposes of Sentencing

Section 3553(a)(2) lists four purposes of sentencing, which can be summed up as: (1) just punishment; (2) deterrence; (3) protection of the public; and (4) rehabilitation. Under the

parsimony principle, the sentence in this case should be the minimum necessary to accomplish the listed purposes. See § 3553(a); *Lacy*, 99 F. Supp. 2d at 119.

With regard to a just punishment in this case, prior to October 2023, Mr. Patel had no contact with the criminal justice system. His participation in the events in question was the result of, among other things, his misguided desire to support his religious beliefs and protest what he considered raciest actions by other religions. Mr. Patel was 21-years-old on October 21, 2023. Mr. Patel's immaturity weighs in favor of leniency.

With regard to deterrence, Mr. Patel's pain and the fall from grace associated with his arrest and conviction, and the implications that his arrest and conviction will have on his religious beliefs and longstanding goals, should serve as a deterrence to Mr. Patel and others.

As to protecting the public and rehabilitation, but for Mr. Patel's misguided desire to support his religious beliefs and practice, coupled with Mr. Patel's immaturity, Mr. Patel would not have participated in this offense. Mr. Patel has no prior convictions, which suggest that he is not a danger to re-offend, or in need of rehabilitation. Moreover, Mr. Patel pleaded guilty shortly after he was arrested, agreed to cooperate with the government, and has done so. Mr. Patel's cooperation and acceptance of responsibility for his conduct suggest that he is not a danger to the public or likely to re-offend.

   C.  **Factor Three: the Kinds of Sentences Available**

Mr. Patel pled guilty to Count One of the Information pursuant to a plea agreement. A conviction for 18 USC § 875(c) carries a maximum penalty of five years of imprisonment.

Pursuant to the written plea agreement, the government will recommend to the Court that the Defendant be sentenced within the applicable guidelines range as determined by the Court.

Also, pursuant to the written plea agreement, the government will recommend a two-level reduction for acceptance of responsibility.

Pursuant to the guideline computations: the base offense level is 12. Three levels are added for a victim related adjustment because the victims were selected based on their religion, national origin, and or ethnicity. The adjusted offense level is 15. The offense level is decreased by two for acceptance of responsibility. Therefore, the total offense level is 13.

Mr. Patel has zero criminal history points, giving him a Criminal History Category of I. Based on a total offense level of 13 and a criminal history category of I, the Defendant's estimated Sentencing Guidelines range is 12 to 18 months. Since the applicable guideline imprisonment range is in Zone C of the sentencing table, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised released with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment. The Defendant is eligible for not less than one nor more than five years probation because the offense is a Cass D Felony. Mr. Patel has the right to seek a variance outside of the applicable guidelines range based on the factors to be considered in 18 USC § 3553(a).

### D. Factors Four and Five: the Sentencing Guidelines and Guideline Policy Statements

Pursuant to *Booker*, district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.

#### 1. Mr. Patel Should Receive a Downward Adjustment For The Unsophisticated Acts Constituting the Offense.

Mr. Patel contends that the offense was so unsophisticated and committed in such an unsophisticated manner that he should receive a downward adjustment. Where a defendant commits an offense in a sophisticated manner he receives an upward adjustment for his role. Mr. Patel submits that the opposite is true here. The offense was committed in an unsophisticated manner, therefore, he should receive a downward adjustment.

Here, Patel called a Jewish organization and left a threatening recorded voicemail message. In the voicemail, Patel *identified himself by name* and said *"thank you."* Because he identified himself by name and said thank you, law enforcement knew who he was and immediately arrested him. Mr. Patel simply picked up the telephone and committed an unsophisticated crime in an unsophisticated manner.

Mr. Patel respectfully requests a two-level adjustment to reflect the commission of an unsophisticated crime in an unsophisticated manner. Mr. Patel was 21 years old at the time of the offense and was not aware of the scope and severity of the offense.

### 2. Mr. Patel Should Receive a Downward Variance.

Mr. Patel is a 21 year old before the Court for making a threat in interstate commerce. Mr. Patel is exhibiting signs of depression and anxiety and mania, as evidenced by depressed mood, feelings of worthlessness or guilt, irritability, trembling or shaking, feelings of losing control, difficulty falling/staying asleep, irritability/outbursts of anger, elevated, expansive or irritable mood, flight of ideas/racing thoughts, and being easily distracted. Mr. Patel is exhibiting signs of THC abuse and Substance abuse in remission, as evidenced by symptoms controlled by treatment.

Mr. Patel stopped using marijuana once he was arrested. His family was very concerned

7

about his use of marijuana so he moderated his use. He stated he has made changes by stopping and his head is clear, "I can think better".

Mr. Patel has Bipolar Disorder II and was prescribed Risperdal. He reports seeing shadows and hearing his name being called, impulsive decisions and anger. He stated that the Risperdal has been helpful and the family commented on him being calmer and on top of things. He has also started meditating and praying and this has also been helpful in calming him down. Mr. Patel regrets participation in the events and is ashamed of his involvement.

Under USSG §5H1.1, the guidelines state that, "age (including youth), maybe relevant in determining whether a departure is warranted, if considerations based on age, individually, or in combination with other offender characteristics, are present to an unusual degree, and distinguish the case from the typical cases covered by the guidelines." Mr. Patel's age at the time of the offense, combined with his personal history of THC abuse, contributed to his involvement in the offense. This is also evidenced by Mr. Patel's lack of prior or subsequent criminal history.

Considering the factors set for under 18 U.S.C. §3553, including the nature and circumstances of the offense, the history and characteristics of the defendant and the need to protect the community from future crimes by the defendant, Mr. Patel submits that a non-incarcerative sentence is applicable in this case. He is not a threat to his community and will comply with any conditions that the Court imposes.

### 3. In The Alternative, Mr. Patel Should Be Sentenced at the Low End of the Applicable Range.

A sentence at the low end of the applicable range would fully satisfy the need to punish Mr. Patel. He acknowledged his involvement in the offense, accepted responsibility for his conduct, and cooperated with law enforcement. The Court should therefore determine the

appropriate Guidelines sentence to be the low end of the range the court holds to be applicable in this case.

  E.  **Factor Six: The Need to Avoid Unwarranted Disparities**

The sixth Section 3553(a) factor requires the Court to consider the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. Disparity is not applicable in this case.

  F.  **Factor Seven: The Need to Provide Restitution**

The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense. Per the plea agreement, Mr. Patel agreed to pay restitution.

**V.**  **Forfeiture**

Mr. Patel agreed in his plea agreement to forfeiture.

**VI.**  **Conclusion**

For the above reasons, Mr. Patel submits that a non-incarcerative sentence is applicable in this case.

                Respectfully submitted,

                /s/ Daniel J. Fernandez
                DANIEL J. FERNANDEZ, Esquire
                3003 West Azeele Street, Suite 200
                Tampa, Florida 33609
                Office: (813) 229-5353
                Email: djfernandezlaw17@gmail.com
                Fla. Bar No. 295371
                Attorney for Defendant Patel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 10, 2023, I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

/s/ Daniel J. Fernandez
DANIEL J. FERNANDEZ, Esquire